**Electronically Filed: December 19, 2013**

1

2   **LIONEL SAWYER & COLLINS**                    **THE SCHWARTZ LAW FIRM, INC.**
    Samuel S. Lionel, NBN 1766                     Samuel A. Schwartz, NBN 10985
3   *slionel@lionelsawyer.com*                     *sam@schwartzlawyers.com*
    Jennifer A. Smith, NBN 610                     Bryan A. Lindsey, NBN 10662
    *jsmit@lionelsawyer.com*                       *bryan@schwartzlawyers.com*
4   Ryan A. Andersen, NBN 12321                    6623 Las Vegas Boulevard South, Suite 300
    *randersen@lionelswyer.com*                    Las Vegas, Nevada 89119
5   300 South Fourth Street, Suite 1700            Telephone: 702-385-5544
    Las Vegas, Nevada 89101                        Facsimile: 702-385-2741
6   Telephone: 702-383-8888
    Facsimile: 702-383-8845                        *Attorneys for the Debtors*
7

8   *Special Litigation Counsel for Regal Property*
    *Holdings, Inc., Richard Neill Trevor Roberts,*
9   *and Jane Sheridan Roberts*

10              **UNITED STATES BANKRUPTCY COURT**

11                       **DISTRICT OF NEVADA**

12  | In re:                                  | Case No.: 13-13969-BTB                      |
13  |                                         | Chapter 11                                  |
    | REGAL PROPERTY HOLDINGS, INC.,          | Lead Case                                   |
14  |                                         |                                             |
    |              Debtor.                    |                                             |
15  | In re:                                  | Case No. 13-13968-BTB                       |
16  |                                         | Chapter 11                                  |
    | RICHARD NEILL TREVOR ROBERTS and        | Joint Administration With: 13-13969-BTB     |
17  | JANE SHERIDAN ROBERTS,                   |                                             |
18  |              Debtors.                   |                                             |
    | STIRLING MORTIMER GLOBAL                | Adversary Proceeding No.: 13-01147-BTB      |
19  | PROPERTY FUND PCC LIMITED,              |                                             |
20  |              Plaintiff,                 | **MOTION FOR APPROVAL OF**                  |
    |                                         | **SETTLEMENT AGREEMENT**                    |
21  |                                         |                                             |
    | v.                                      | Hearing Date: *OST Requested*               |
22  |                                         | Hearing Time: *OST Requested*               |
23  | RICHARD NEILL TREVOR ROBERTS            | Courtroom:    4                             |
    | and JANE SHERIDAN ROBERTS,              |                                             |
24  |                                         |                                             |
    |              Defendants.                |                                             |
25

26        Richard Neill Trevor Roberts ("**Mr. Roberts**"), Jane Sheridan Elizabeth Robert ("**Ms.**

27  **Roberts**"), and Regal Property Holdings, Inc. ("**Regal**" and, with Mr. Roberts and Ms. Roberts,

the "**Debtors**"), by and through their counsel of record, hereby file their *Motion for Approval of*

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1    *Settlement Agreement* (the "**Motion**"), and seek approval of a comprehensive settlement (the

2    "**Settlement**") between the Debtors, on the one hand, and Stirling Mortimer Global Property

3    Fund PCC Limited ("**Stirling**") and certain of Stirling's affiliates (with Stirling, the "**Stirling**

4    **Parties**"), on the other hand, pursuant to Rule 9019 of the Federal Rules of Bankruptcy

5    Procedure.

6        This Motion is supported by the following Memorandum of Points and Authorities, the

7    Declaration of Ryan A. Andersen (the "**Andersen Declaration**"), filed concurrently herewith,

8    the Declaration of Richard Neill Trevor Roberts (the "**Roberts Declaration**"), filed concurrently

9    herewith, any arguments of counsel offered in support of the Motion at the hearing on the

10    Motion, and all of the pleadings filed in the above-captioned bankruptcy case, judicial notice of

11    which is respectfully requested.

12        <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

13        **I.**      <u>**INTRODUCTION**</u>

14        The controversy between the Debtors and the Stirling Parties (collectively the "**Parties**"),

15    has resulted in litigation filed in three separate courts on two different continents.  The Parties

16    have each already spent a great amount of time, effort, and expense litigating these issues, yet

17    none of the proceedings has reached discovery.

18        The Debtors realized that all of their assets would be spent on legal fees incurred

19    defending this multi-front litigation, resulting in no recovery for creditors and no hopes of

20    reorganization.  Seeking a better outcome, the Debtors, through their special litigation counsel,

21    Lionel Sawyer & Collins ("**LSC**"), reached out to English counsel for the Stirling Parties,

22    Maitland Walker LLP ("**MW**"), in an attempt to reach a global resolution of all issues existing

23    between the Parties.  Settlement discussions began in earnest in mid-September of 2013, and

24    detailed negotiations continued thereafter, with the Parties reaching an agreement in principle in

25    mid-November of 2013.  The Parties memorialized the terms of this agreement in the Settlement

26    and Mutual Release Agreement (the "**Agreement**"), attached hereto as "**Exhibit A**", and now

27

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

seek the Court's approval of the Settlement and the Agreement.  As discussed below, the Settlement is fair and equitable and provides the best possible outcome for both creditors and the Debtors' respective bankruptcy estates.

## II.  JURISDICTION AND VENUE

The Court has jurisdiction over the Bankruptcy Cases and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Debtors consent to entry of final orders and judgment by this Court.  Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## III.  STATEMENT OF FACTS

A.    *The Parties' Business Relationship and Events Leading to the Debtors Filing Bankruptcy*

Stirling is a close-ended investment company with limited liability under the laws of Guernsey.  In association with the other Stirling Parties, Stirling operated as an investment company, establishing "cells" for the acquisition, development, and resale of real estate developments.  Stirling ultimately established five cells for investment in real estate developments in different geographic locations.

Mr. Roberts served as a non-executive director of Stirling from its inception in March of 2007, until May 7, 2010.  Mr. Roberts also performed various additional functions for the Stirling Parties, both as an individual or through various business entities.

A dispute developed between Stirling, on the one hand, and the Debtors and other persons and business entities, on the other hand, and Stirling filed suit against the Debtors and other persons and business entities (Claim No. 2013-Folio-192) (the "**English Action**") in the

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3

High Court of Justice, Queen's Bench Division, Commercial Court (the "**Commercial Court**") on February 14, 2013.  Through the English Action, Stirling sought an order freezing the Debtors' assets, and the Commercial Court entered a Worldwide Freezing Injunction (the "**Freezing Order**") on February 14, 2013.

In furtherance of its action against the Debtors, Stirling filed an action against the Debtors (Case No.: 2:13-cv-00301-JAD-NJK) (the "**U.S. Action**") in the United States District Court, District of Nevada (the "**District Court**") on February 25, 2013.  Just as it had in the English Action, Stirling sought both a temporary restraining order and a preliminary injunction against the Debtors in the U.S. Action.  The District Court entered a temporary restraining order on February 26, 2013, such temporary restraining order having since expired by its terms, and an order granting a preliminary injunction on terms similar to those of the Freezing Order (the "**Preliminary Injunction**") on May 3, 2013.

### B.    The Commencement of the Bankruptcy Cases and Events Thereafter

On May 6, 2013 (the "**Petition Date**"), the Debtors filed for bankruptcy under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, District of Nevada (the "**Bankruptcy Court**"), thereby commencing Regal's bankruptcy case (Case No.: 13-13969-BTB) and Mr. and Ms. Roberts's joint bankruptcy case (Case No.: 13-13968-BTB) (collectively the "**Bankruptcy Cases**") and creating the Debtors' respective bankruptcy estates (the "**Estates**").

Stirling moved for relief from the automatic stay in the Bankruptcy Cases to allow Stirling to proceed with the English Action.  The Bankruptcy Court entered an order modifying the automatic stay to allow Stirling to proceed to judgment on the English Action on August 8, 2013.  Stirling sought a default judgment (the "**English Judgment**") against the Debtors in the English Action, and such English Judgment was entered by the Commercial Court on October 28, 2013

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

4

Stirling filed an adversary complaint for declaratory relief before the Bankruptcy Court (Adversary Case No.: 13-01147-BTB) (the "**Adversary Proceeding**"), on August 5, 2013, seeking a declaration from the Bankruptcy Court that any judgment in the English Action is not dischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code.

Stirling filed a proof of claim (Claim No. 4) (the "**Proof of Claim**"), on September 3, 2013, such Proof of Claim asserting that the Debtors owed Stirling $60,664,007.00 as of the date the Bankruptcy Cases were filed.

C.    *Negotiations between the Parties and the Settlement*

Prior to the filing of the Bankruptcy Cases, DLA Piper UK ("**DLA**") had acted on behalf of the Debtors in the English Action. However, the Debtors could not afford to retain DLA to defend the English Action on behalf of the Debtors and the Estates. Further, Mr. Roberts and Ms. Roberts each have serious health issues that make travel to England or the participation in the English Action impossible. Thus, the Debtors informed DLA that they would not be retained by the Debtors or the Estates on a going forward basis, and that LSC would serve as the primary contact for MW with respect to any of Stirling's proceedings against the Debtors. As its last act on behalf of the Debtors, DLA informed both MW and the Commercial Court of LSC's expanded role.

Shortly thereafter, in mid-September of 2013, LSC, at the direction of the Debtors, contacted MW to see if Stirling had any desire to reach a negotiated, global resolution of all of the issues between the Parties. Thereafter, MW and LSC engaged in settlement discussions, with the goal of achieving such a settlement. The Parties, primarily through counsel, exchanged dozens of emails and letters and held several conference calls, sometimes involving Mr. Timothy M. Clink, director of Stirling, and Mr. Roberts directly. During the over two-months of negotiations, the Debtors focused on finding a negotiated resolution that would be acceptable to the Parties, as the Debtors recognized such a negotiated resolution was the only outcome that was in the best interest of the Estates.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

5

On November 20, 2013, the Parties reached an agreement in principle, and LSC began drafting a settlement agreement to memorialize the Parties' shared understanding of the Settlement, the result of which is the Agreement. The Parties agreed the Agreement was acceptable on December 18, 2013, and this Motion followed immediately thereafter.

As reflected by the Agreement, the Settlement provides for the full and final resolution of any and all claims and controversies, known and unknown, including a resolution of the English Action, the U.S. Action, and the Adversary Proceeding. The Settlement provides for the transfer of certain of the Estates' property to Stirling as consideration for the Settlement, including a transfer to Stirling of certain causes of action to recover fraudulent transfers, including certain actions under chapter 5 of the Bankruptcy Code. Further, the Settlement provides for the liquidation of certain of the Estates' real property, with payments from the proceeds of such liquidation then being available to pay administrative claims, priority claims, and unsecured creditors on a pro rata basis, including Stirling. Most importantly, the Settlement prevents litigation with Stirling from consuming all of the assets of the Estates, which would prevent any recovery for any creditors, frustrate any reorganization, and leave the Debtors in an untenable position. Because of the Settlement, substantial funds will be paid to creditors, administrative claims will be paid, and the Debtors will be able to quickly and successfully reorganize.

## IV.  LEGAL ANALYSIS

### A.  Standard for Approval

After notice and a hearing, "the court may approve a compromise or settlement". Fed. R. Bankr. P. 9019(a). Court approval of a settlement is within the Court's discretion and requires only a sufficient factual record upon which the Court may make an informed and independent judgment regarding the relative merits of the settlement. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The approval of a settlement is within the sound discretion of the Court, and the standard is simply whether the settlement is fair and equitable. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

So long as the settlement is fair and equitable, it should be approved; the Court need not determine the actual merits of the claims to be compromised, only whether the settlement entered into is reasonable, given the facts and circumstances of the particular case. *Neiman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972).  To guide the Court in this exercise, the following factors are to be considered: (a) the probability of success in litigation; (b) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the same; (c) the difficulty, if any, to be encountered when collecting any judgment obtained; and (d) the paramount interest of the creditors and a proper deference to their reasonable views.  *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).

*B.      The Settlement Should Be Approved*

Considering the above factors, the Debtors submit that the Settlement is fair and reasonable and in the Estates' best interests, for at least the following reasons, as supported by the Andersen Declaration and the Roberts Declaration.

1.      Probability of Success in Litigation

Stirling has asserted breach of contract, breach of fiduciary duty, and fraud claims, among others, against the Debtors in the English Action.  Stirling has asserted RICO claims, among others, against the Debtors in the U.S. Action.    Stirling has asserted a nondischargeability action against the Debtors in the Adversary Proceeding.  While the Debtors have yet to file a substantive answer in any of these proceedings, the Debtors would assert through the Adversary Proceeding a claim objection and breach of contract claims, among others, against the Stirling Parties.  The relationships and transactions in question involve dozens of companies, multiple foreign jurisdictions, complex questions of international finance, and fund transfers in the hundreds of millions.  To say that the probability of success by the Debtors is very uncertain is an understatement, and all that can be said for certain is that resolving these issues on the merits will cost the Parties a fortune.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

The Debtors and the Estates have limited funds, they generate insufficient income to adequately fund the litigation in question, and their ability to secure future funding is uncertain, meaning that the Debtors cannot guarantee that they will even have the funds necessary to continue participating in the extensive litigation before this Court, let alone the litigation before the English Court or the District Court.  This practical reality, when considered with the unknown outcome of the litigation further lower the probability of the Debtors succeeding on the merits, and show that the Settlement represents the best possible outcome for creditors and the Estates.

2.    Complexity of and Expense, Inconvenience, and Delay Associated with Litigation

As discussed above, the litigation between the Parties is inordinately complicated.  It involves proceedings before three courts located on two separate continents.  It would require tracing hundreds of millions of dollars of investor funds through dozens of companies, operating in several jurisdictions over the course of several years.  Determining the appropriate foreign law to be applied to any given legal question would, in and of itself, be a difficult determination, undoubtedly requiring expert assistance and opinions.

Equally as importantly, the Proposed Settlement enables the Debtors and the Estates to avoid substantial litigation expenses and risks regarding the relative rights of the Debtors and the Stirling Parties.  Put simply, the Debtors' legal fees for this litigation, if such litigation went through trial, would be in the millions of dollars. The forensic accounting alone would likely cost over $500,000.

Compared to the relative expediency with which the Settlement will be effectuated, litigation between the Parties will likely take until late 2015 for a determination on the merits, with post-trial motions and appeals following thereafter.  This delay is even worse when the fact that all of the Debtors' and the Estates assets will likely go to fund the litigation, with no potential for payment of non-insider claims is considered.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

8

This delay, and the risks associated therewith, are a real inconvenience to creditors, including Stirling. It is a needless inconvenience to the Court, as deciding these complicated legal and factual issues, when the Settlement provides a superior outcome, would represent an avoidable waste of valuable judicial resources. Finally, given Mr. Roberts and Ms. Roberts's serious medical issues, for them the delay associated with determining the litigation between the Parties goes well beyond an inconvenience, and actually jeopardizes their health.

3.    The Difficulty of Collection

Even assuming the Debtors were successful in pursuing its various claims and causes of action against Stirling, and even assuming the Debtors were also able to prevent a setoff by completely defeating all of Stirling's claims and causes of action against the Debtors, it is uncertain as to the collectability of a money judgment against Stirling. Further, even if a money judgment was collectible, Stirling is a foreign company, and collection costs would certainly be substantial.

4.    The Interest of Creditors and Deference to Creditors' Views

The Proof of Claim filed by Stirling asserts a claim of over $60,000,000. This claim represents over 98% of all unsecured claims against the Estates. Stirling, the creditor with which the Debtors are settling, is receiving a substantial amount of funds through the Settlement, and funds will also be paid to other unsecured creditors. Without settlement, it is almost certain the Estates will, at a certain point, be administratively insolvent, and no creditors will receive anything. The Settlement is in the best interest of creditors and represents the best possible result for the Estates. Given that Stirling has agreed to the Settlement, and given the amount and percentage of its debt, Stirling's decision should be given great deference and the Settlement should be approved.

Further, the Settlement is the result of extensive, informed, lengthy, good faith, and arm's length negotiations, primarily conducted through counsel. The Settlement provides a pathway for the Debtors to reorganize and will allow the Debtors to provide a meaningful payment to

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

9

1   holders of non-insider claims.  Based on these and other facts and considerations, the Debtors

2   submit that the Settlement is fair, reasonable, and in the Estates' best interest, and it should be

3   approved by the Court.    Therefore, the Debtors request entry of an order approving the

4   Settlement and authorizing them to carry out their obligations thereunder.  The Debtors further

5   request that any such order contain a provision modifying the automatic stay to allow the Parties

6   to take any action necessary under the Agreement, and further providing that any applicable stay

7   of the effectiveness of the order is waived, as time is of the essence to the Settlement.

8   //

9   //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

10

1

## V.    CONCLUSION

2          For the reason set forth above, the Debtors respectfully request that the Court enter an

3  order, substantially in the form of the Proposed Order attached hereto as "**Exhibit B**": (i)

4  granting this Motion; (ii) approving the Settlement; (iii) approving the Agreement and

5  authorizing the Debtors to implement and effectuate all provisions thereof; and (iv) granting the

6  Debtors such further relief as the Court deems appropriate

7          Dated this 19th day of December, 2013.

8                                                     Respectfully submitted by:

9
                                                      LIONEL SAWYER & COLLINS
10
11                                          By:        /s/ Ryan A. Andersen
                                                      Samuel S. Lionel, NBN 1766
                                                      Jennifer A. Smith, NBN 610
12                                                    Ryan A. Andersen, NBN 12321
                                                      300 South Fourth Street, Suite 1700
13                                                    Las Vegas, Nevada 89101

14                                          *Special Litigation Counsel for Regal Property*
15                                          *Holdings, Inc., Richard Neill Trevor Roberts, and*
                                            *Jane Sheridan Roberts*
16
17                                          - and -

18                                          THE SCHWARTZ LAW FIRM, INC.

19                                          By:        /s/ Bryan A. Lindsey
                                                      Samuel A. Schwartz, NBN 10985
20                                                    Bryan A. Lindsey, NBN 10662
                                                      6623 Las Vegas Boulevard South, Suite 300
21                                                    Las Vegas, Nevada 89119

22                                          *Attorneys for the Debtors*

23

24

25

26

27

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

11