Samuel A. Schwartz, Esq.  
Nevada Bar No. 10985  
Bryan A. Lindsey, Esq.  
Nevada Bar No. 10662  
The Schwartz Law Firm, Inc.  
6623 Las Vegas Blvd. South, Suite 300  
Las Vegas, Nevada 89119  
Telephone: (702) 385-5544  
Facsimile: (702) 385-2741  
Attorneys for the Debtors  

E-Filed: December 19, 2013

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No.: 13-13969-BTB |
| | ) |
| Regal Property Holdings, Inc. | ) Chapter 11 |
| | ) |
| Richard N. Roberts and Jane S. Roberts, | ) Joint Administration With: |
| | ) Case No.: 13-13968-BTB |
| | ) |
| Debtors. | ) Hearing Date:  OST Pending |
| _____ | ) Hearing Time:  OST Pending |

**MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
APPROVING THE SECOND AMENDED JOINT DISCLOSURE STATEMENT**

The above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") file this motion (the "**Motion**") for the entry of an order approving their Second Amended Disclosure Statement (the "**Disclosure Statement**"), and in support of the Motion respectfully represent:

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On May 6, 2013 (the "**Petition Date**"), the Debtors each filed voluntary petitions for

1

relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their business as debtors-in-possession.

3. On July 19, 2013, the Debtors filed their joint Chapter 11 plan of reorganization and related joint disclosure statement.

4. On July 26, 2013, the Debtors filed their motion seeking an order: (i) approving the Disclosure Statement; (ii) approving the form of ballots and proposed solicitation and tabulation procedures for the Joint Plan of Reorganization of the Debtors (as such plan may be amended from time to time; (iii) fixing the voting deadline with respect to the plan; (iv) prescribing the form and manner of notice thereof; (v) fixing the last day for filing objections to the Plan; (vi) scheduling a hearing to consider confirmation of the plan, and (vii) approving The Schwartz Law Firm, Inc. as the Debtors' solicitation and tabulation agent (the "**Procedures Motion**").

5. On September 27, 2013, the Debtors filed their First Amended Disclosure Statement to address objections filed by the Internal Revenue Service and Stirling Mortimer Global Property Fund PCC Limited ("**Stirling**").

6. On October 28, 2013, this Court entered an order approving the first amended disclosure statement, and approving the Procedures Motion (Docket No. 211). Importantly, this Court set deadlines to object to the Debtors' plan for December 13, 2013, and the deadline to file replies thereto for January 9, 2014, in anticipation of the confirmation hearing set for January 23, 2014.

7. On December 12, 2013, the Debtors and Stirling entered into a stipulation to extend the objection and reply deadlines to December 27, 2013, and January 16, 2014, respectively.

8. On December 19, 2013, the Debtors filed their motion under Bankruptcy Rule 9019 to

2

approve their settlement agreement (the "**Settlement Agreement**") with Stirling (the "**9019 Motion**").

9. The Settlement Agreement, among other things, required the Debtors to amend their Plan to change the treatment afforded to Stirling in accordance with the agreement among the parties. Specifically, the Debtors agreed to allow Stirling's claim of $60,000,000, for plan purposes only, and to receive distributions from the sale of the Debtors' real properties on a pro rata basis with other general unsecured creditors.

10. Accordingly, on December 19, 2013, the Debtors filed their Second Amended Disclosure Statement and First Amended Plan of Reorganization (the "**Plan**") to incorporate the Settlement Agreement into the Plan and Disclosure Statement.

### Relief Requested

11. As the Debtors already obtained approval of their forms of ballots, notices and related procedures in this case, by this Motion, the Debtors are simply requesting approval of their Second Amended Disclosure Statement, as modified to reflect the Settlement Agreement with Stirling, pursuant to sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 3017.

### Legal Argument

**Approval of the Second Amended Disclosure Statement**

12. Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a proposed plan of reorganization. Section 1125(a)(1) provides:

> [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a

3

>discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan....

11 U.S.C. § 1125(a)(1).

13. Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors or shareholders entitled to vote on the plan. See In re Dakota Rail, Inc., 104 B.R. 138, 142 (Bankr. D. Minn. 1989); In re Copy Crafters Quickprint Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").

14. The Debtors believe the Disclosure Statement, as amended, contains adequate information for holders of claims and interests eligible to vote to make an informed decision regarding the Plan, including a discussion of, among other things: (i) detailed information concerning the classification and treatment of claims and interests under the Plan; (ii) detailed information with respect to the voting and confirmation processes associated with the Plan; (iii) the organization and activities of the Debtors; (iv) a summary of the Plan; (v) the means for implementation of the Plan; (vi) procedures for disputed claims; (vii) procedures for assumption or rejection of executory contracts; (viii) conditions precedent to confirmation and the effective date of the Plan and the Effective Date; (ix) the effect of confirmation of the Plan; (x) the feasibility of the Plan; (xi) certain tax consequences of the Plan; and (xii) alternatives to the Plan, including an analysis of the liquidation of the Debtors under chapter 7 of the Bankruptcy Code. The Disclosure

Statement therefore, contains adequate information, as required by section 1125(a) of the Bankruptcy Code, to enable each holder of a claim in the Voting Classes (as defined below) to make an informed on whether to accept or reject the Plan.

15. Based upon the foregoing, the Debtors believe that approval of the Disclosure Statement, as amended, is in the best interests of the Debtors, their estates and their creditors. Alternatively, given that the Debtors will be requesting an order shortening time for approval of the Disclosure Statement, as amended, if this Court should determine that conditional approval of the Disclosure Statement is more appropriate in accordance with Local Rule 3017, the Debtors request conditional approval of the Disclosure Statement.

WHEREFORE, the Debtors respectfully request the Court enter an order granting the relief requested herein and granting to the Debtors such other and further relief as is just or proper.

Dated this 19th day of December, 2013.

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtors